**FILED NOV 24 2014**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

1  UNITED STATES BANKRUPTCY COURT

2  Central District of California

3  In re Ajit Adhyapaka Narasimhan,  )   Case No. 8:14-bk-14959-ES

4  Debtor.  )   Chapter   7

5  )

6  _____  )

7  )   Adv. No.

8  The Financial Preservation  )

9  Network, LLC.,  )

10  a Colorado Limited Liability Company,  )   **COMPLAINT TO DETERMINE**

11  Plaintiff,  )   **NONDISCHARGEABILITY OF DEBT**

12  vs.  )

13  Ajit Adhyapaka Narasimhan,  )

14  PSL, LLC.,  )

15  a Nevada limited liability company,  )

16  Defendants.  )   (Hearing date to be set by summons)

17

18

19       Plaintiff, appearing as pro se, hereby object pursuant to 11 U.S.C. § 523 to the

20  discharge of debts owed The Financial Preservation Network, LLC., by Ajit Adhyapaka

21  Narasimhan ("Defendant" or "Debtor"), and also object to the

22  discharge, in general, of Debtor pursuant to 11 U.S.C. § 727, and respectfully

23  represent as follows:

24 **JURISDICTION AND VENUE**

25 The Court has jurisdiction over this adversary proceeding pursuant to

26 28 U.S.C. § 1334, 11 U.S.C. §§ 523(a) and 727, and Bankruptcy Rule 7001. This

27 adversary proceeding is one arising out of the Debtor filing a voluntary petition

28 under chapter 7 of the Bankruptcy Code, which Case No. 8:14-bk-14959-ES pending in

29 this Court. This is a core proceeding.

30 Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

31 **BACKGROUND AND FACTS**

32 Plaintiff/Creditor, The Financial Preservation Network, LLC ("FPN") engaged

33 Defendant/Debtor, Ajit Adhyapaka Narasimhan ("Defendant/Debtor") to assist its clients

34 who are facing foreclosures.  Defendant/Debtor represented himself to FPN as a

35 licensed and bonded Legal Document Assistant, LDA, in the State of California,[1] who

36 had successfully assisted over 1,800 homeowners from losing their homes in

37 foreclosures. Defendant/Debtor backed these successful results with court documents

38 that purported to say that the courts ruled in favor of homeowners. FPN, relying on

39 these representations by Defendant/Debtor, engaged Defendant/Debtor, believing his

40 service would greatly benefit FPN's pro se clients who are facing foreclosures.

41 Defendant/Debtor informed FPN that he formed a new company, PSL, LLC.,

42 ("Defendant/Debtor- PSL, LLC ") and incorporated it in the State of Nevada as a limited

43 liability company, to exclusively handle the transactions for FPN's clients. On or about

44 October 2012, Defendant/Debtor through PSL, LLC, took over FPN's many pro se

---

[1] An LDA is a trained paralegal who is a lower cost alternative to attorney's for preparing legal paperwork.  LDA's are experts at form preparation and procedure and can help in areas such as divorce, wills, deeds, guardianship and much more. (www.CALDA.org)

45  clients who are facing foreclosures. Although Defendant/Debtor- PSL, LLC offered not

46  to collect the fees from these transferred clients in advance, Defendant/Debtor- PSL,

47  LLC requested FPN to advance $20,000 loan from FPN, Shari Peterson (Chief

48  Operating Officer of FPN), and Rob West (Chief Executive Officer of FPN), until

49  Defendant/Debtor- PSL, LLC's cash flow resumed. FPN made a $17,000 loan to

50  Defendant/Debtor- PSL, LLC during the month of October 2012. Defendant/Debtor-

51  PSL, LLC only repaid $5,875 of $17,000 loan owed to FPN.

52      Defendant/Debtor- PSL, LLC also received $11,494 from FPN to purchase audits

53  from BP Investigative Agency as part of the work for the FPN's pro se clients. This

54  money was collected from the pro se clients by FPN. However, FPN only received

55  $2,997 worth of BP Investigative audits. FPN later discovered that Defendant/Debtor-

56  PSL, LLC kept the substantial portion of $11,494 and fraudulently created the audits,

57  identifying them as work of highly regarded BP Investigative Agency. FPN ended up

58  owing $8,497 to the pro se clients for BP Investigative Agency not received. This

59  caused FPN to pay additional $4,000 for the audits.

60      On or about April 2013, the California attorney who worked for Defendant/Debtor-

61  PSL, LLC resigned from PSL, LLC because of PSL, LLC's questionable unethical

62  conduct and/or possible legal issues. This was relayed to FPN by the California attorney

63  after his resignation from PSL, LLC. The Chief Operating Officer of PSL, LLC also left

64  Defendant/Debtor- PSL, LLC notifying FPN that he may be taking some kind of action

65  against Defendant/Debtor- PSL, LLC for incompetently prepared legal documents which

66  affected the Chief Operating Officer of PSL, LLC personally.

67   On or about November 2013, Defendant/Debtor signed a Promissory Note
68 payable to FPN for the money Defendant/Debtor received from FPN in advance for the
69 services to be rendered, but did not perform. FPN received only a small payment from
70 Defendant/Debtor.

71   On or about 23 April 2014, Defendant/Debtor abruptly terminated the
72 professional relationship, instantly shutting down FPN, when FPN confronted
73 Defendant/Debtor after FPN consulted with an attorney in Denver about
74 Defendant/Debtor- PSL, LLC's conducts and activities.

75   FPN later found out that the purported court documents Defendant/Debtor
76 showed FPN of its success in defending homeowners from foreclosure were forged
77 documents. FPN also discovered that Defendant/Debtor was not a licensed LDA in
78 California, and PSL, LLC was never organized as a limited liability company in Nevada.

79   Because of Defendant/Debtor's fraudulent misrepresentations and activities, FPN
80 incurred substantial financial losses, and damages to business relationships with FPN's
81 clients, who, not only lost their PSL, Inc.'s supposedly expertise in this foreclosure
82 arena, but also money they paid for the Defendant/Debtor's services.
83

84                             **COUNT I**
85            **NON-DISCHARGE UNDER 11 U.S.C. § 523(a)(2)(A)**
86                        **(False Representation)**
87   Plaintiffs re-allege and fully incorporate allegations pleaded above.
88   Pursuant to **11 U.S.C. § 523(a)(2)(A)** Defendant/Debtor received money by

89  false representation by representing to Plaintiffs that Defendant/Debtor is a licensed
90  Legal Document Assistant (LDA) and an expert, with successful track record, at helping
91  homeowners facing foreclosures from losing their homes. Plaintiffs justifiably relied on
92  Defendant/Debtor's representation to its detriment. For the foregoing reasons and
93  Pursuant to 11 U.S.C. § 523(a)(2), the money owed to FPN by Defendant/Debtor is not
94  entitled to a discharge.
95
96  **COUNT II**
97  **NON-DISCHARGE UNDER 11 U.S.C. § 523(a)(2)(A)**
98  **(Actual Fraud)**
99  Plaintiffs re-allege and fully incorporate allegations pleaded above.
100  Pursuant to **11 U.S.C. § 523(a)(2)(A)** Defendant/Debtor received money by
101  actual fraud by making representation that Defendant/Debtor is a licensed Legal
102  Document Assistant (LDA) and an expert, with successful track record, at helping
103  homeowners facing foreclosures from losing their homes. Defendant/Debtor knew it was
104  a false statement when it was made and Plaintiffs justifiably relied on
105  Defendant/Debtor's representation and sustained a loss as a result of the
106  representation. For the foregoing reasons and Pursuant to 11 U.S.C. § 523(a)(2), the
107  money owed to FPN by Defendant/Debtor is not entitled to a discharge.
108
109  **COUNT III**
110  **NON-DISCHARGE UNDER 11 U.S.C. § 523(a)(4)**
111  **(Fraud While Acting in a Fiduciary Capacity)**

112   Plaintiffs re-allege and fully incorporate allegations pleaded above.

113   Pursuant to 11 U.S.C. § 523(a)(4) Defendant/Debtor acting in a fiduciary

114   capacity, embezzled FPN and FPN's clients money by false representation and actual

115   fraud. For the foregoing reasons and Pursuant to 11 U.S.C. § 523(a)(4), the money

116   owed to FPN by Defendant/Debtor is not entitled to a discharge.

117

118   WHEREFORE, The Financial Preservation Network, LLC., respectfully requests that

119   this Court enter an order:

120   a. denying the discharge of the debt acquired by fraud/misrepresentation

121   b. granting such other relief that this Court deems just and proper.

122   c. awarding reasonable attorney fees and costs.

123

124   Dated: 12 November 2014          Respectfully submitted,

125

126                                    _____

127                                    Shari J. Peterson

128

129                                    Chief Operating Officer

130                                    The Financial Preservation Network, LLC

131                                    8120 Sheridan Blvd. #B-307

132                                    Arvada, CO 80003

133                                    303-759-0317

134                                    sharipeterson@comcast.net

FORM B104 (08/07)                      2007 USBC, Central District of California

**RECEIVED NOV 24 2014 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: _____ Deputy Clerk**

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| The Financial Preservation Network, LLC. | Ajit Adhyapaka Narasimhan, individually, PSL, LLC., a Nevada limited liability company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pro se | **ATTORNEYS** (If Known)<br>Rajiv Jain/Jain Law Group<br>9891 Irvine Center Dr. #130<br>Irvine, CA 92618 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor, representing himself as a licensed & bonded Legal Document Assistant in California claiming successfully assisted many homeowners from being foreclosed, through misrepresentation/fraud took money from Plaintiff. Later it was discovered that Debtor was not licensed LDA, and court documents that showed ruling in favor of homeowners Debtor assisted were forged

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [3] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [4] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,755,671.00 |

**Other Relief Sought**
Damages, including punitive damages, reasonable attorney fees, and such other relief that this Court deems just and proper.

FORM B104 (08/07), page 2            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> Ajit Adhyapaka Narasimhan | **BANKRUPTCY CASE NO.** <br> 8:14-bk-14959-E |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Santa Ana | Erithe A. Smith |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/s/ Shari J. Peterson*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 11/21/14 | Shari J. Peterson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.